UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFETIME BRANDS, INC., <br><br> Plaintiff, <br><br> -against- <br><br> JOHN J. STEUBY COMPANY <br><br> Defendant. | Docket No. 2:17cv6506 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, LIFETIME BRANDS, INC. (hereinafter "Plaintiff"), by its attorneys, TUTUNJIAN & BITETTO, P.C., as and for its complaint against Defendant JOHN J. STEUBY COMPANY (hereinafter "Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for Trademark Infringement under 15 U.S.C. §1114 *et seq.* and False Designation of Origin under 15 U.S.C. §1125.

2. As alleged in detail below, Defendant has engaged in a conscious, systematic, and willful pattern of Trademark Infringement and False Designation of Origin, to the damage of Plaintiff.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338.

1

4.       Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) as a substantial part of the events giving rise to the claims arising in this District and due to the fact that Defendant is doing business in this District at least through online and brick-and-mortar sales, thereby placing infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District. Defendant has purposefully availed itself of this forum by, among other things, distributing and selling infringing products in the State of New York, including in this District, and, upon information and belief, deriving revenue from such activities.

## THE PARTIES

5.       Plaintiff is a Delaware corporation with a principal place of business at 1000 Stewart Ave., Garden City, NY 11530.

6.       Plaintiff is a leading provider of home products in the U.S. and worldwide, including kitchen utensils and kitchen gadgets.

7.       Upon information and belief, Defendant JOHN J. STEUBY COMPANY is a Missouri corporation with a business address of 6002 North Lindbergh, Hazelwood, MO 63042.

8.       Upon information and belief, Defendant is a company that provides a variety of machined parts and assemblies.

## PLAINTIFF'S TRADEMARK AND BUSINESS

9.       Plaintiff and its predecessors-in-interest, have sold a non-electric can opener which features an ornamental three-dimensional configuration (the "Can Opener Design") in a substantially exclusive and continuous manner since 1954.

10. Through extensive advertising, promotion and sales of products which include the Can Opener Design for over 60 years, the Can Opener Design has acquired secondary meaning. The Can Opener Design has become a valuable trademark for Plaintiff which symbolizes the extensive and valuable goodwill attained through Plaintiff's and its predecessors-in-interest's use of the mark for over 60 years.

11. On May 1, 2007, Plaintiff's predecessor-in-interest Swing-A-Way Products, LLC registered the Can Opener Design with the U.S. Patent and Trademark Office and was assigned U.S. Trademark Registration No. 3,236,009. A true and correct copy of U.S. Trademark Registration No. 3,236,009 is annexed as Exhibit A (the "Federal Trademark Registration").

12. Plaintiff Lifetime Brands, Inc. acquired all rights to the Federal Trademark Registration in a merger effective on December 5, 2016 from Francis I Acquisition Corp. to Plaintiff. The merger was recorded with the U.S. Patent and Trademark Office at Reel/Frame 5947/0184 on December 13, 2016. A true and correct copy of the Abstract of Title for the Federal Trademark Registration from the U.S. Patent and Trademark Office's online database is annexed hereto as Exhibit B.

13. In February 2017, Plaintiff filed a combined declaration of use under Section 8 and application for renewal under Section 9 for the Federal Trademark Registration which was accepted by the U.S. Patent and Trademark Office on April 19, 2017. Annexed as Exhibit C is the Notice of Acceptance and Renewal issued by the U.S. Patent and Trademark Office.

**DEFENDANT'S INFRINGING ACTS**

14. Upon information and belief, Defendant knowingly and willfully, without Plaintiff's authorization, began manufacturing, distributing, selling, offering to sell and advertising can openers which feature an identical or virtually identical three-dimensional configuration as the

Can Opener Design ("Defendant's Unauthorized Product"). The Defendant's Unauthorized Product has been marketed under names including "EZ-DUZ-IT", "U.S.A. CAN OPENER" and "MADE IN THE U.S.A." Can Opener. Annexed hereto as Exhibit D are photographs of Defendant's Unauthorized Product and packaging therefor.

15. Defendant's Unauthorized Product features a design that is identical and/or confusingly similar to the Can Opener Design subject of the Federal Trademark Registration and is being used for identical goods.

16. Defendant's Unauthorized Product has been, and is currently being, sold in major retailers such as Amazon.com and Wayfair.com. Screenshots showing Defendant's Unauthorized Product sold at these retailers are annexed hereto as Exhibit E.

17. Defendant is also actively marketing the Defendant's Unauthorized Product. Annexed as Exhibit F is a promotional material from Defendant's website concerning the Defendant's Unauthorized Product.

18. Defendant's manufacturing, distribution, sales, offers to sell and advertising of the Defendant's Unauthorized Product is likely to cause, and causes, consumer confusion due to the similarity of the marks and the identical nature of the products. Defendant's use of the Defendant's Unauthorized Product is likely to, and causes, consumers to mistakenly believe that the Defendant's Unauthorized Product arises from Plaintiff or is endorsed, sponsored or otherwise affiliated with Plaintiff.

19. Defendant's unauthorized use of the three-dimensional configuration on the Defendant's Unauthorized Product has misappropriated the goodwill developed in the Can Opener Design and has resulted in a high level of sales of the Defendant's Unauthorized Product to the detriment of Plaintiff and its business for its own can opener products featuring the Can Opener Design.

20. Plaintiff has attempted to contact Defendant to discuss these issues. However, Defendant has been unwilling to have meaningful discussions with Plaintiff concerning these issues.

21. The Defendant's actions are willful and reflect a deliberate intent to misappropriate the Plaintiff's substantial goodwill in the Can Opener Design developed through use of this trademarked design for over 60 years.

## COUNT I:

## TRADEMARK INFRINGEMENT

22. Paragraphs 1 through 21 are incorporated by reference herein.

23. Plaintiff is the owner of all right, title, and interest in the Federal Trademark Registration for the Can Opener Design.

24. Defendant's manufacture, distribution, sales, offers to sell and advertising of the Defendant's Unauthorized Product which features a three-dimensional configuration that is identical or confusingly similar to the Can Opener Design constitutes trademark infringement under 15 U.S.C. §1114.

25. Defendant's acts have caused, and will continue to cause, Plaintiff to sustain money damages, loss and injury in an amount to be determined at trial.

26. Upon information and belief, Defendant has engaged in such acts knowingly and willfully.

## COUNT II:

## FALSE DESIGNATION OF ORIGIN

27. Paragraphs 1 through 21 are incorporated by reference herein.

28.     Defendant has included information on packaging for Defendant's Unauthorized Product which confusingly states that Defendant's product has been made for nearly 50 years. For example, the packaging for Defendant's Unauthorized Product states that "The John J. Steuby Company has made the parts for this can opener for nearly 50 years". This information is an apparent reference to Plaintiff and its predecessors-interest's use of the Can Opener Design for its own can opener product. Annexed as Exhibit G is a photograph of packaging for Defendant's Unauthorized Product which includes this misleading information.

29.     Defendant's misleading statements on its packaging as well as the incorporation of a confusingly similar three-dimensional configuration in the Defendant's Unauthorized Product is likely to deceive and has deceived customers and potential customers into believing that the Defendant's Unauthorized Product is produced, sponsored, endorsed by, or affiliated with Plaintiff. Therefore, Defendant's activities constitute a False Designation of Origin under 15 U.S.C. §1125(a).

30.     Defendant's acts have caused, and will continue to cause, Plaintiff to sustain money damages, loss and injury in an amount to be determined at trial.

31.     Upon information and belief, Defendant has engaged in such acts knowingly and willfully.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For a judgment declaring that Defendant's unauthorized conduct is an infringement of Plaintiff's Federal Trademark Registration under 15 U.S.C. §1114 *et seq.;*

2. For a judgment declaring that Defendant's unauthorized conduct constitutes False Designation of Origin under 15 U.S.C. §1125(a);

3. For a permanent injunction against Defendant, enjoining and restraining Defendant from further manufacturing, distributing, selling, offering to sell and advertising infringing can openers;

4. For a judgment requiring Defendant to account to Plaintiff for any and all profits derived by Defendant, and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein and Plaintiff's costs of this action.

5. For a judgment awarding Plaintiff treble damages, in an amount to be proven at the time of trial or, in the alternative, statutory damages, and Plaintiff's reasonable attorney's fees because of the intentional, willful nature of Defendant's acts with respect to the counterfeit mark.

6. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

This the 8th day of November, 2017

TUTUNJIAN & BITETTO, P.C.

By: *Elliot Lipins*

John G. Tutunjian (JT6873)
Elliot W. Lipins (EL6151)
*Attorneys for Plaintiff*
401 Broadhollow Rd., Suite 402
Melville, NY 11747
(631) 844-0080
john@tb-iplaw.com
elliot@tb-iplaw.com