BRYAN CAVE LLP
Chris LaRocco
Megan Awerdick Pierson
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-4630
chris.larocco@bryancave.com
megan.pierson@bryancave.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

LIFETIME BRANDS, INC.,                                                :
                                                                                     :   **Case No. 2:17-cv-06506-DRH-ARL**
            Plaintiff/Counterclaim-Defendant,   :
                                                                                     :
                                 v.                                          :   **JURY TRIAL DEMANDED**
                                                                                     :
JOHN J. STEUBY COMPANY,                                    :
                                                                                     :
            Defendant/Counterclaim-Plaintiff.    :
                                                                                     :
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

<u>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**</u>

Defendant John J. Steuby Company ("JJSCO"), for its Answer, Affirmative Defenses and

Counterclaims to Plaintiff Lifetime Brands, Inc.'s ("Lifetime" or "Plaintiff") Complaint hereby

states as follows:

<u>**ANSWER**</u>

**Response to Section Entitled "Nature of the Action"**

1.        JJSCO admits that the Complaint purports to allege claims of trademark

infringement and false designation of origin.  Except as expressly admitted herein, JJSCO denies

each and every other allegation set forth in Paragraph 1 of the Complaint.

2.        JJSCO denies each and every allegation set forth in Paragraph 2 of the Complaint.

**Response to Section Entitled "Jurisdiction and Venue"**

3.      JJSCO states that Paragraph 3 states a legal conclusion to which no response is required.  To the extent that a response is required, JJSCO admits that Plaintiff alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      JJSCO states that Paragraph 4 states a legal conclusion to which no response is required.  To the extent that a response is required, JJSCO admits that Plaintiff alleges that venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

**Response to Section Entitled "The Parties"**

5.      JJSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      JJSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Admitted.

8.      Admitted.

**Response to Section Entitled "Plaintiff's Trademark and Business"**

9.      JJSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.      JJSCO denies each and every allegation set forth in Paragraph 10 of the Complaint.

11.      JJSCO lacks knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 11.

12.      JJSCO lacks knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 12.

13.     JJSCO lacks knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 13.

**Response to Section Entitled "Defendant's Infringing Acts"**

14.     JJSCO admits that it has marketed one or more can openers in packaging bearing the wording "EZ-DUZ-IT," "U.S.A. CAN OPENER," and "MADE IN THE U.S.A.," among other wording.  JJSCO admits that a document attached to the Complaint as Exhibit D purports to contain photographs of can openers produced by JJSCO.  Except as expressly admitted, JJSCO denies each and every other allegation set forth in Paragraph 14 of the Complaint.

15.     JJSCO denies each and every allegation set forth in Paragraph 15 of the Complaint.

16.     JJSCO admits that one or more of its customers has sold JJSCO's can openers via one or more online marketplace websites.  JJSCO admits that a document attached to the Complaint as Exhibit E purports to contain printouts from third party online marketplace websites.  JJSCO lacks knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 16.

17.     JJSCO admits that it markets its can opener.  JJSCO admits that a document attached to the Complaint as Exhibit F purports to contain a printout from JJSCO's website. Except as expressly admitted, JJSCO denies each and every other allegation set forth in Paragraph 17 of the Complaint.

18.     JJSCO denies each and every allegation set forth in Paragraph 18 of the Complaint.

19.     JJSCO denies each and every allegation set forth in Paragraph 19 of the Complaint.

20. JJSCO admits that the parties have had certain discussions regarding JJSCO's can openers and Plaintiff's purported intellectual property rights. Except as expressly admitted, JJSCO denies each and every other allegation set forth in Paragraph 20 of the Complaint.

21. JJSCO denies each and every allegation set forth in Paragraph 21 of the Complaint.

## COUNT I:

### Trademark Infringement

22. JJSCO hereby incorporates by reference its answers and responses to Paragraphs 1 through 21 of the Complaint as though fully set forth and restated herein.

23. JJSCO denies each and every allegation set forth in Paragraph 23 of the Complaint.

24. JJSCO denies each and every allegation set forth in Paragraph 24 of the Complaint.

25. JJSCO denies each and every allegation set forth in Paragraph 25 of the Complaint.

26. JJSCO denies each and every allegation set forth in Paragraph 26 of the Complaint.

## COUNT II:

### False Designation of Origin

27. JJSCO hereby incorporates by reference its answers and responses to Paragraphs 1 through 26 of the Complaint as though fully set forth and restated herein.

28. JJSCO denies that it caused and/or authorized the wording "The John J. Steuby Company has made the parts for this can opener for nearly 50 years" to be displayed on the

packaging of its can openers.  JJSCO further states that any such packaging was designed by a third party not under JJSCO's control.  JJSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint.

29.   JJSCO denies each and every allegation set forth in Paragraph 29 of the Complaint.

30.   JJSCO denies each and every allegation set forth in Paragraph 30 of the Complaint.

31.   JJSCO denies each and every allegation set forth in Paragraph 31 of the Complaint.

### Response to Section Entitled "Prayer for Relief"

WHEREFORE, JJSCO denies each and every allegation not expressly admitted, denies that Plaintiff is entitled to any relief on any claim asserted in the Complaint or otherwise, and requests that judgment be entered against Plaintiff and for JJSCO and that JJSCO be awarded its attorneys' fees, costs and such other and further relief as the Court finds just and proper under the circumstances.

### AFFIRMATIVE DEFENSES

Without waiving any of the specific denials set forth in its Answer, and without assuming the burden of proof when such burden would otherwise be on Plaintiff, JJSCO hereby states and asserts the following as affirmative and/or additional defenses to Plaintiff's Complaint:

### First Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred because there is no personal jurisdiction over JJSCO.

### Third Defense

The claims are barred, in whole or in part, because Plaintiff's purported mark is generic.

### Fourth Defense

The claims are barred, in whole or in part, because Plaintiff's purported "Can Opener Design" is functional.

### Fifth Defense

The claims are barred, in whole or in part, because any use of a can opener design by JJSCO constitutes a fair use of such design, which embodies the product itself.  JJSCO does not use and has not used any can opener design as a trademark in a source-indicating manner.

### Sixth Defense

The claims are barred, in whole or in part, by principles and doctrines of acquiescence, equitable estoppel, laches, and/or waiver, as Plaintiff, *inter alia*, unduly delayed in bringing this lawsuit and asserting its claims.

### Seventh Defense

The claims are barred, in whole or in part, by the applicable statute of limitations.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff and/or recoupment.

### Ninth Defense

To the extent Plaintiff may be successful in proving any of its liability allegations, which JJSCO expressly denies, and Plaintiff is able to prove any damages, Plaintiff has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

**Tenth Defense**

To the extent this position must be asserted as an affirmative defense, Plaintiff's claims are barred, in whole or in part, because JJSCO did not intend to and has not sought to take advantage of, profit from, or gain any benefit from Plaintiff's purported mark, and JJSCO has not in fact taken advantage of, profited from, or gained any benefit from Plaintiff's purported mark.

**Eleventh Defense**

The claims are barred, in whole or in part, because U.S. Registration No. 3,236,009 and the purported "Can Opener Design" are invalid and unenforceable.

**Twelfth Defense**

The claims and/or remedies are barred, in whole or in part, because Plaintiff failed to give statutory notice of the purported "Can Opener Design."

**Additional Defenses**

JJSCO hereby expressly reserves the right to amend this pleading, and to include further affirmative defenses, as discovery continues and additional information becomes available during the course of this lawsuit.

**COUNTERCLAIMS**

Defendant/Counterclaim-Plaintiff John J. Steuby Company ("JJSCO"), for its Counterclaims against Plaintiff/Counterclaim-Defendant Lifetime Brands, Inc. ("Lifetime" or "Plaintiff"), hereby states as follows:

**Preliminary Statement**

1.      This is an action for (a) cancellation of U.S. Trademark Registration No. 3,236,009 for a purported depiction of a can opener, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119); and (b) a declaration that JJSCO's manufacture, marketing and sale of its

can opener does not constitute trademark infringement or unfair competition related to Plaintiff's purported "Can Opener Design."

## The Parties and Jurisdiction

2.       JJSCO is a Missouri corporation having a principal place of business at 6002 North Lindbergh Boulevard, Hazelwood, Missouri 63042.

3.       On information and belief, Plaintiff is a Delaware corporation having a principal place of business at 1000 Stewart Avenue, Garden City, New York 11530.

4.       This action arises under the Trademark Laws of the United States (15 U.S.C. § 1051, *et seq.*, the "Lanham Act").  This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1119 and 1121, 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for the purpose of granting the declaratory relief sought herein.

5.       This Court has personal jurisdiction over Plaintiff and venue is proper in this District because Plaintiff has consented to personal jurisdiction and venue by filing its Complaint against JJSCO, and on information and belief, because Plaintiff resides in this district and venue.

## Facts Common to All Counts

6.       JJSCO is a family-owned and operated manufacturing company, specializing in precision machined metal products for the automotive, appliance, bearing, ordinance, hydraulic, plumbing, hardware, and commercial fitting industries.  JJSCO was founded in 1962.

7.       In approximately 2011, JJSCO developed and began manufacturing, marketing and selling can openers.

8.       JJSCO's can openers are marketed under JJSCO's trademark EZ-DUZ-IT, as well as under the marks and in packaging designed, produced, and affixed by JJSCO's customers.

9.      When it developed its can opener in 2011, JJSCO sought to produce an efficient, functional, effective, and precisely built, high quality can opener.

10.     JJSCO's can openers are manufactured to exacting specifications in the United States of America.

11.     JJSCO's can opener design does not serve to indicate the source of JJSCO's can openers.  Rather, on information and belief, consumers look to the names, wording, and/or logos applied to can openers and packaging therefor to identify the source of such products.

12.     Plaintiff's purported "Can Opener Design" consists of two levers with a hinge, which functions to provide sufficient force from the user's hand to insert a cutting tool into the lid of a can.

13.     Plaintiff's purported "Can Opener Design" also contains a bottle opener consisting of a hook which functions to grip the edge of a bottle cap.  The bottle opener is located below the turning wheel, so as to avoid impeding the can opener function, and above the handle, so as to provide sufficient force from the user's hand to remove a bottle cap.

14.     Plaintiff's purported "Can Opener Design" consists of a generic design of a can opener.

15.     Plaintiff's purported "Can Opener Design" is functional.

16.     Plaintiff's purported "Can Opener Design" does not serve to indicate the source of Plaintiff's can opener.

17.     The continued registration of Plaintiff's purported "Can Opener Design" as a mark would be inconsistent with the Lanham Act and common law.

18.     On information and belief, Plaintiff and/or its predecessor in interest had actual knowledge of JJSCO's manufacture and sale of can openers of the accused configuration since at least as early as 2015.

## COUNT I

### Cancellation of Registration No. 3,236,009

19.     JJSCO hereby realleges and incorporates Paragraphs 1 through 18 of its Counterclaims as though fully set forth and restated herein.

20.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order the cancellation of a trademark registration in any civil action involving a registered mark.

21.     The Registration should be canceled in its entirety because the purported mark is generic.

22.     The Registration should be canceled in its entirety because the purported mark is functional.

23.     Because Plaintiff lacks sufficient rights in its purported "Can Opener Design" and has placed the validity of its mark in issue, U.S. Trademark Registration No. 3,236,009 should be canceled by the Court pursuant to 15 U.S.C. §§ 1064 and 1119.

## COUNT II

### Declaratory Judgment

24.     JJSCO hereby realleges and incorporates Paragraphs 1 through 23 of its Counterclaims as though fully set forth and restated herein.

25.     This Counterclaim seeks a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that JJSCO's manufacture, marketing, and sale of its can

opener does not infringe upon Plaintiff's alleged trademark rights in its purported "Can Opener Design," nor constitute false designation of origin or unfair competition, under the Lanham Act and/or common law.

26.     Plaintiff's allegations in the Complaint, Doc. No. 1, give rise to a case of actual controversy between the Parties within the meaning of 28 U.S.C. § 2201.

27.     At issue in this lawsuit is JJSCO's right to manufacture, market and sell a can opener throughout the United States.

28.     Plaintiff's claims against JJSCO are without merit.  JJSCO has not committed and is not committing any acts of trademark infringement or unfair competition in violation of Plaintiff's alleged trademark rights in its purported "Can Opener Design."

29.     The trademark rights claimed by Plaintiff in its purported "Can Opener Design" are invalid and unenforceable.

30.     There is no likelihood that any consumers have been and/or will be confused, mistaken, and/or deceived into believing that Plaintiff is the source or origin of JJSCO's can openers.

31.     There is no likelihood that any consumers have been and/or will be confused, mistaken, and/or deceived into believing that Plaintiff is affiliated, connected, and/or otherwise associated with JJSCO, and/or that Plaintiff is sponsoring and/or has otherwise approved of JJSCO's business or products.

32.     JJSCO respectfully requests that the Court enter a declaration finding that JJSCO has not infringed upon any of Plaintiff's alleged rights under the Lanham Act, common law and/or State law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim-Plaintiff John J. Steuby Company, respectfully requests the following relief:

A.     Dismiss the claims in Plaintiff's Complaint, with prejudice;

B.     That judgment be entered in its favor;

C.     An Order directing the Commissioner of Patents and Trademarks to cancel the registration of U.S. Trademark Registration No. 3,236,009 pursuant to the powers granted to this Court under Section 37 of the Lanham Act, 15 U.S.C. § 1119;

D.     An Order declaring that:

(a)     JJSCO has not committed any acts of infringement, false designation of origin, or unfair competition under federal or common law, and/or State law and that Plaintiff's Complaint is dismissed with prejudice with all requests for relief therein denied;

(b)     JJSCO has the right to manufacture, market, and sell its can openers without modification;

E.     An award to JJSCO of its costs and attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and as otherwise recoverable by law; and

      F.      An award of any such other and further relief as the Court finds just and proper under the circumstances.

Dated:  February 5, 2018            Respectfully submitted,

                                 JOHN J. STEUBY COMPANY

                                 By:  /s/ Chris LaRocco
                               Chris LaRocco
                               Megan Awerdick Pierson
                               chris.larocco@bryancave.com
                               megan.pierson@bryancave.com
                               BRYAN CAVE LLP
                               1290 Avenue of the Americas
                               New York, NY 10104-3300
                               Tel: (212) 541-2000
                               Fax: (212) 541-4630

                               *Attorneys for John J. Steuby Company*