UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFETIME BRANDS, INC., <br><br> Plaintiff, <br><br> -against- <br><br> JOHN J. STEUBY COMPANY <br><br> Defendant. | Docket No. 2:17cv6506-DRH-ARL <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF LIFETIME BRANDS, INC.'S REPLY TO THE COUNTERCLAIMS OF DEFENDANT JOHN J. STEUBY COMPANY**

Plaintiff, LIFETIME BRANDS, INC. (hereinafter "Plaintiff"), by its attorneys, TUTUNJIAN & BITETTO, P.C., files this Reply to the Counterclaims pled by Defendant John J. Steuby Company in its Answer, Affirmative Defenses and Counterclaims filed February 5, 2018 (the "Defendant's Counterclaims") as follows:

1. Plaintiff admits the allegations of Paragraph 1 of Defendant's Counterclaims insofar as Defendant is seeking cancellation of U.S. Trademark Reg. No. 3,236,009 and the entry of an Order for the described declaration. Plaintiff denies the remaining allegations in Paragraph 1 of Defendant's Counterclaims.

2. Plaintiff admits the allegations of Paragraph 2 of Defendant's Counterclaims insofar as Plaintiff believes, upon information and belief, that Defendant has a business address of 6002 North Lindbergh, Hazelwood, MO 63042.

3. Plaintiff admits the allegations of Paragraph 3 of the Defendant's Counterclaims.

1

4.  Paragraph 4 of the Defendant's Counterclaims contains legal conclusions to which no response is required.

5.  Paragraph 5 of the Defendant's Counterclaims contains legal conclusions to which no response is required.

6.  Plaintiff is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Defendant's Counterclaims.

7.  Plaintiff is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Defendant's Counterclaims.

8.  With respect to the allegations of Paragraph 8 of the Defendant's Counterclaims, Plaintiff admits that, upon information and belief, Defendant marketed can openers under the trademark EZ-DUZ-IT. Plaintiff is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Defendant's Counterclaims.

9.  Plaintiff is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Defendant's Counterclaims.

10. Plaintiff is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Defendant's Counterclaims. Furthermore, the allegations contained in Paragraph 10 of the Defendant's Counterclaims concerning "exacting specifications" are too vague to enable Plaintiff to formulate a response thereto.

11. Plaintiff denies the allegations of Paragraph 11 of the Defendant's Counterclaims.

12. Plaintiff denies the allegations of Paragraph 12 of the Defendant's Counterclaims except admits that the Can Opener Design is for the overall, three-dimensional configuration of a can opener.

13. Plaintiff denies the allegations of Paragraph 13 of the Defendant's Counterclaims except admits that the Can Opener Design includes a hook which may be used for removal of a bottle cap and the hook is positioned above the handle on the product.

14. Plaintiff denies the allegations of Paragraph 14 of the Defendant's Counterclaims.

15. Plaintiff denies the allegations of Paragraph 15 of the Defendant's Counterclaims.

16. Plaintiff denies the allegations of Paragraph 16 of the Defendant's Counterclaims.

17. Plaintiff denies the allegations of Paragraph 17 of the Defendant's Counterclaims.

18. Plaintiff is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Defendant's Counterclaims.

19. Plaintiff incorporates its responses to Paragraphs 1-18 set forth above as if fully set forth herein in response to Paragraph 19 of the Defendant's Counterclaims.

20. Paragraph 20 of the Defendant's Counterclaims contains legal conclusions to which no response is required.

21. Plaintiff denies the allegations of Paragraph 21 of the Defendant's Counterclaims.

22. Plaintiff denies the allegations of Paragraph 22 of the Defendant's Counterclaims.

23. Plaintiff denies the allegations of Paragraph 23 of the Defendant's Counterclaims.

24. Plaintiff incorporates its responses to Paragraphs 1-23 set forth above as if fully set forth herein in response to Paragraph 24 of the Defendant's Counterclaims.

25. Plaintiff admits the allegations of Paragraph 25 of Defendant's Counterclaims insofar as Defendant is seeking the entry of an Order for the described declaration. Plaintiff denies the remaining allegations in Paragraph 25 of Defendant's Counterclaims.

26. Paragraph 26 of the Defendant's Counterclaims contains legal conclusions to which no response is required.

27. Paragraph 27 of the Defendant's Counterclaims contains allegations concerning "a can opener" which are too vague to enable Plaintiff to formulate a response thereto.

28. Plaintiff denies the allegations of Paragraph 28 of the Defendant's Counterclaims.

29. Plaintiff denies the allegations of Paragraph 29 of the Defendant's Counterclaims.

30. Plaintiff denies the allegations of Paragraph 30 of the Defendant's Counterclaims.

31. Plaintiff denies the allegations of Paragraph 31 of the Defendant's Counterclaims.

32. Paragraph 32 of the Defendant's Counterclaims solely states Defendant's requests for the entry of an Order for a declaration and contains legal conclusions to which no response is required.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the dismissal of Defendant's Counterclaims and the grant of the Prayer for Relief set forth in Plaintiff's Complaint.

This the 26th day of February, 2018

                                    TUTUNJIAN & BITETTO, P.C.

By: _/s/ Elliot Lipins_
John G. Tutunjian (JT6873)
Elliot W. Lipins (EL6151)
*Attorneys for Plaintiff*
401 Broadhollow Rd., Suite 402
Melville, NY 11747
(631) 844-0080
john@tb-iplaw.com
elliot@tb-iplaw.com

5